UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREA WOOD and H.P., a minor,<br><br>                              Plaintiffs,<br><br>    v.<br><br>CONTRA COSTA COUNTY SCHOOL DISTRICT,<br>                              Defendant. | Case No. 3:22-cv-0498-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Andrea Wood ("Wood") brings this action alleging that Contra Costa County School District put a high school sophomore on a varsity school football team without his mother's signed permission, and the minor, H.P., suffered a head injury and concussion, which the school covered up. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Denney (ECF No. 4), screening Plaintiff's Complaint and recommending that Plaintiff's Complaint be dismissed without prejudice for lack of venue and that the application to proceed in forma pauperis ("IFP") be denied without prejudice. For the reasons set forth below, the Court adopts the R&R.

A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with

respect to such action. 28 U.S.C. § 1391(b)(1)-(3). The R&R finds that venue is not proper in the District of Nevada. Contra Costa County School District is located within the Northern District of California; and therefore, venue appears to be proper there.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The R&R accordingly recommends dismissal.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because Plaintiff did not object and the Court is satisfied that Judge Denney did not clearly err, the Court adopts the R&R.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 4) is accepted and adopted in full;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed as Plaintiff's Complaint;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's motion to proceed in forma pauperis be DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Judgment be entered accordingly and this case be administratively closed.

DATED THIS 2nd Day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE